UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE GREEN PET SHOP ENTERPRISES, LLC,

Plaintiff,

v.

FINE PROMOTIONS, LLC,

Defendant.

**MEMORANDUM AND ORDER**
18-CV-4526 (LDH)(CLP)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff brings the instant patent infringement claim against Defendant pursuant to 35

U.S.C. § 271, alleging infringement of two patents: U.S. Patent No. 8,720,218 (Compl., Ex. 1

(the "218 Patent"), ECF Nos. 1–4); and U.S. Patent No. 9,226,474 (Compl., Exs. 1–5 (the "474

Patent")) (collectively, the "GPS Patents"). The Court assumes the parties' general familiarity

with this litigation and the facts that provide the basis for this litigation.

On February 24, 2022, the Court adopted, in part, a report and recommendation ("R&R")

authored by then-Magistrate Judge Orenstein regarding the parties' Joint Disputed Claims Term

Chart. (*See* February 24, 2022 Mem. & Order, ECF No. 70.) The R&R recommended that the

term "endothermically deactivated" be construed to mean "releases or emits heat." (R&R at 5,

ECF No. 62.) Defendant objected and proposed that the Court construe "endothermically

deactivated" to mean "indefinite." (*See* Def.'s Objs. R&R ("Def.'s Objs.") at 9–10, ECF No.

64.) The Court sustained this objection and concluded that "endothermically deactivated" was

indefinite because "endothermically" could not denote both absorbing heat and releasing or

emitting heat simultaneously. (February 24, 2022 Mem. & Order at 11.) Plaintiff moved for

reconsideration. By order dated May 15, 2023, the Court granted, in part, Plaintiff's motion to

reconsider and determined that "endothermically deactivated" is construed to mean "releases or emits heat."  (May 15, 2023 Mem. & Order at 7, ECF No. 80.)  On May 30, 2023, Defendant moved for reconsideration.  (Def.'s Mot. for Reconsideration, ECF No. 82.)

## DISCUSSION

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks and citation omitted).

Here, Defendant maintains that the Court's February 24, 2022 decision, which determined that the term "endothermically deactivated" is indefinite, was correct and that upon reconsideration of that decision the Court overlooked key evidence and controlling decisions. (Def.'s Mem. in Supp. of Motion for Reconsideration ("Def.'s Mem.") at 1.)  Specifically, Defendant contends that the Court overlooked the pre- and post-litigation statements of Plaintiff's counsel.  (*Id.* at 1–2, 4.)  Defendant also argues that the Court did not err in relying on dictionary definitions and a related patent in reaching its original decision.  (*Id.* at 3–4.)

Contrary to Defendant's contention, the evidence it maintains was overlooked was not new at all.  Indeed, it is the very same evidence cited by Defendant in its objection to Judge Orenstein's R&R.  Likewise, Defendant's brief contains many citations to the Court's two previous decisions, both of which grapple with the same case law Defendant directs the Court to

here.  For example, Defendant cites to *Starhome GmbH v. AT&T Mobility LLC*, 743 F.3d 849 (Fed. Cir. 2014), for the proposition that the Court properly relied on dictionary definitions in its original order.  (Def.'s Mem. at 4.)  As the Court made clear in its May 30, 2023, Memorandum and Order, "the problem with the Court's previous construction, however, is that the Court disregarded the ascertainable meaning of 'endothermically deactivated,' based upon the dictionary definition of 'endothermic.'  The analysis in *Starhome* does not require a different conclusion."  (May 15, 2023 Mem. & Order at 5.)  And, Defendant fails to cite any case law that the Court failed to consider.  At bottom, Defendant is simply dissatisfied with the Court's conclusion and asks the Court to undertake an analysis already conducted twice.  Of course, this does not provide a basis to grant Defendant's motion to reconsider.  *Shrader*, 70 F.3d at 257.  ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.")  Accordingly, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

Dated:  Brooklyn, New York
      December 11, 2023

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

3